790                December 11, 2024                No. 899

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

JOSE HERNANDEZ PUGH,
*Petitioner,*

*v.*

BOARD OF PAROLE AND POST-PRISON
SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A181646

Argued and submitted November 8, 2024.

Richard D. Cohen argued the cause and filed the opening brief for petitioner. Also on the reply brief was Schaleger Philpott PC.

Robert Wilsey, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

AOYAGI, P. J.

Reversed and remanded.

**AOYAGI, P. J.**

Petitioner seeks judicial review of a 2023 order of the Board of Parole and Post-Prison Supervision, in which the board, applying the current versions of OAR 255-085-0005 and OAR 255-085-0020, set his Sex Offender Notification Level (SONL) at Level 3 (High). In his first assignment of error, petitioner contends that the board erred by failing to take into account (1) the nine years since release that he has lived in the community without reoffending; (2) his youth at the time of his sex offenses and the fact that, as to some of the offenses, the victims were close to him in age and consented factually (albeit not legally); and (3) his completion of sex-offender treatment. In his second assignment of error, petitioner raises a constitutional challenge. As explained below, we agree that the board erred in failing to take into account petitioner's offense-free time in the community and reverse and remand on that basis. We need not address petitioner's other arguments given that disposition.

After the parties briefed this case, we decided *Thomsen v. Board of Parole*, 333 Or App 703, 554 P3d 308 (2024), and *Allen v. Board of Parole*, 334 Or App 447, 557 P3d 178 (2024). Relying on the reasoning of *Thomsen*, we held in *Allen* that the current versions of OAR 255-085-0005 and OAR 255-085-0020 "are invalid." 334 Or App at 449. That is so "because 'the board's methodology for initial classification of an individual's SONL does not measure what the legislature has charged it with measuring under ORS 163A.100 (*i.e.*, present risk), but instead measures "the registrant's risk as it was at the time of their release from their index offense."'" *Id.* (quoting *Thomsen*, 333 Or App at 715 (quoting OAR 255-085-0005)). As the board now acknowledges, *Thomsen* and *Allen* are dispositive as to petitioner's first assignment of error. The board erred in applying invalid rules to set petitioner's SONL without taking into account his nine years of offense-free time in the community.

The only remaining consideration is whether there is any procedural hurdle to correcting that error. In his written objections to the board, petitioner argued that the board had improperly failed to consider his offense-free time in the community, albeit raising that argument as part of a request

for the board to modify its scoring of Item 1, Age at Release, rather than as an objection to reliance on the Static-99R total score, as he now asserts. *See generally Watson v. Board of Parole*, 329 Or App 13, 19, 540 P3d 20 (2023) (explaining that the board's rule governing objections to SONL classification requires arguments to be directed solely to the scoring of individual Static-99R items). The board rejected that argument.

On judicial review, petitioner contends that, to the extent that he failed to administratively exhaust the issue regarding offense-free time in the community, we should relax the administrative exhaustion requirement and correct the board's error, as we did in *Watson*, 329 Or App at 20. We agree. *See id.* (relaxing the administrative exhaustion requirement in light of the facts that (1) it was at least unclear that a registrant was allowed to raise the issue before the board; (2) "the issue is one of public interest, in that inaccurate classification of sex offenders undermines the purpose of the SONL statute, which is to help law enforcement prevent future sex crimes by enabling them to direct resources toward past sex offenders who present the highest risk of committing new sex crimes"; and (3) "raising the issue to the board would have been futile," as the board had rejected it in other cases); *see also Tuckenberry*, 365 Or 640, 654-55, 451 P3d 227 (2019) (discussing the parameters of relaxing the issue-exhaustion requirement "as a prudential matter"). To the extent that relaxing the administrative-exhaustion requirement puts us in a plain-error posture, *see Watson*, 329 Or App at 21, the error is plain in light of *Thomsen* and *Allen*, and we exercise our discretion to correct it.

Reversed and remanded.